IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEROY SCOTT HUSAVA, )
)
        Plaintiff, )
)
  vs. ) Civil Action No. 08-0309
)
MOHENIS SERVICES, INC., and )
LAUREL LINEN SERVICES, INC., )
)
        Defendants. )

MEMORANDUM ORDER

Gary L. Lancaster,                                          October 15, 2008
District Judge.

      This is an employment discrimination and civil rights case. Plaintiff, Leroy Scott Husava, alleges that defendants, Mohenis Services, Inc. and Laurel Linen Services, Inc., discriminated against him on the basis of his sex in violation of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 (Title VII), 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. §§ 1981 and 1983. Specifically, plaintiff alleges that defendants constructively terminated his employment due to an alleged affair with a female co-worker while allowing the female co-worker to continue in her employment. Plaintiff seeks monetary damages. Defendants deny the allegations and assert a counterclaim for breach of contract.

      Plaintiff has filed a motion to dismiss the counterclaim pursuant to Fed.R.Civ.P. 12(b)(6) contending that defendants have failed to allege sufficient facts to support

their claim for breach of contract. For the reasons that follow the motion is denied, without prejudice.

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a complainant must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a complainant must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, et al., 515 F.3d 224, 232 (3d Cir. 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the

complaint must be taken as true and all reasonable inferences must be drawn in favor of the non-moving party. Twombly, 127 S.Ct. at 1965; Phillips, 515 F.3d at 231; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that the non-moving party can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the non-moving party could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. Id. at 1969 n.8.

It is on this standard that the court has reviewed plaintiff's motion to dismiss. Based on the pleadings of record and the briefs filed in support and opposition thereto, the court is not persuaded that dismissal of the counterclaim is appropriate at this time.

Specifically, defendants have alleged that plaintiff breached a provision in his employment agreement in which he agreed to act only in the best interests of his employer. Defendants assert that plaintiff breached this agreement by engaging in a sexual relationship with a co-worker during work

3

hours and work time, thereby wasting company resources and creating a substantial workplace distraction.

These allegations, if true, may state a claim for breach of contract. Our ruling, however, does not prevent plaintiff from raising these arguments after discovery is complete in a motion for summary judgment.

Therefore, this 15th day of October, 2008, IT IS HEREBY ORDERED that plaintiff's motion to dismiss [doc. no. 21] is denied without prejudice to his right to raise these issues under Rule 56 on a properly developed record.

BY THE COURT

_____

cc: All Counsel of Record